**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allan S. MacDonald, | No. CIV 03-0374-PHX-SMM (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Sheriff Joseph Arpaio, et al., | |
| Defendants. | |

## **MOTION FOR RECONSIDERATION/MOTION TO AMEND**

Under consideration are Plaintiff's Motion for Reconsideration, filed July 30, 2004 (#31), seeking reconsideration of the dismissal of the Maricopa County Board of Supervisors, etc. and Plaintiff's Motion to Amend, filed August 15, 2005 (#114) seeking to file Plaintiff's lodged Third Amended Complaint.

**Background** - Plaintiff's Second Amended Complaint, filed June 18, 2004 (#29), arose out of his medical treatment while incarcerated at the Maricopa County Jail-Madison Street from December 14, 2002 to July 1, 2003. The Second Amended Complaint included four counts: (1) deliberate indifference to serious medical needs by failing to properly fund and staff jailhouse medical services, and to properly respond to known deficiencies; (2) Due Process violations by punishment of pretrial detainees; (3) deliberate indifference to serious medical needs by failing to properly treat Plaintiff's end stage liver disease, tumor, and knee injury; and (4) state tort claims, including medical malpractice.

The Second Amended Complaint named the Maricopa County Board of Supervisors, individual board members,[1] Maricopa County Sheriff Joseph M. Arpaio, individual Sheriff's Office employees,[2] Correctional Health Services, and individual Correctional Health Services employees,[3] including an Unknown Managed Care Director and an Unknown Quality Assurance Coordinator.

In the Screening Order, the Court noted that "Local government bodies, such as Arizona counties, are persons under § 1983 and may be sued for constitutional injuries." (Order 7/14/04, #30 at 3.) Nonetheless, the Court dismissed the Maricopa County Board of Supervisors and the individual supervisors as improper parties, on the basis that all jail operations were the responsibility of the County Sheriff, who is independent of the Board of Supervisors. (*Id.*) Service was deferred on the "unknown" defendants. (*Id.* at 3-4.)

**Motion for Reconsideration** - Plaintiff subsequently sought reconsideration of the screening order, including the dismissal of the Board of Supervisors.[4] (Motion 7/30/04, #31.) Defendants filed a Response (#67) on February 14, 2005. Defendants state:

> Admittedly, the Arizona statutory scheme is not a model of clarity. While the Arizona legislature has delegated the responsibility of operating the jails to the Sheriff, not the Board of Supervisors, they have delegated the responsibility of inmate health care to the counties, not the sheriffs. . . . The correct party that plaintiff should have sued is Maricopa County and/or the Board of Supervisors. . . . If this Court dismissed these defendants on the mistaken basis only that they were not responsible for inmate health care then they should be reinstated, and defendants would waive any objection to this amendment.

---

[1]Brock, Fulton; Kunnsek, Andy; Wilcox, Mary Rose.

[2]Allyn, A.R.; Haggard, Tracy; Saldivar; and Uphold, D.D..

[3]Brooks, L.P.N., P.; Chaffee, M.A., D.; Gallardo, R.N., Stephanie; Gan, M.D., Dr. Victor; Malta, M.A., C.; Pinnkey, L.P.N., S.; Scalzo, Dr.; Steinhauser, M.D., Dr. Gail; and Thompson, Claire E..

[4]Following the filing of the dispositive motions by Defendant Correctional Health Services arguing that Maricopa County was the proper party, Plaintiff filed a Motion (#64) to supplement his motion for reconsideration. The motion to supplement was denied as moot on the basis that the supplement simply restated prior arguments. (Order 3/3/05, #72.)

(#67 at 2.) In their Addendum, filed February 22, 2005, Defendants correct this statement, noting that only Maricopa County would be the proper party, and the Board of Supervisors is a non-jural entity.

In an Order filed March 3, 2005, the Court ordered a response from Defendants. (Order 3/3/05, #72.) Defendants filed a subsequent Response (#82) on March 28, 2005, to largely the same effect and Plaintiff filed a Reply (#83) on April 4, 2005.

**Motion to Amend** - Plaintiff's Motion to Amend, filed August 15, 2005 (#114) seeks to file Plaintiff's lodged Third Amended Complaint. Plaintiff's proposed Third Amended Complaint restates essentially the same four claims, but does so in only two counts. Count I alleges that deliberate indifference to serious medical needs based upon: (1) failure to properly fund jailhouse health care; (2) failure to properly respond to known deficiencies; (3) adoption of policies that reflect deliberate indifference; and (4) failure to properly treat Petitioner's ailments, including his end stage liver disease. Count II alleges state tort claims of negligence and medical malpractice.

Most significantly, Plaintiff's proposed Third Amended Complaint seeks to: (1) replace the Board of Supervisors with Maricopa County; (2) eliminate the "unknown" defendants; and (3) add additional individual members of the board of supervisors[5] and individual employees of the Sheriff's Office,[6] County,[7] and Correctional Health Services.[8]

Defendants challenge the amendment on two bases: (1) undue prejudice resulting from the delay in amendment; and (2) futility because of the applicable two year statute of limitations. (#116 at 2-3.)

---

[5]Board of Supervisors members: Wilson, Max; and Stapley, Don.

[6]Sheriff's Office employees: Hendershott, David; and Sheridan, Jerry.

[7]Maricopa County employees: Smith, David; Wilson, Sandi; and Weisbuck, M.D., Dr. Jonathan.

[8]Correctional Heath Services employees: Campbell, Trisha; Butler, R.N., Diane; and Fream, R.N., Lechtie.

- 3 -

Plaintiff has filed a Motion for Extension of Time to Reply (#121). This motion is granted to the extent that Plaintiff's Reply, filed September 9, 2005 (#120) shall be deemed timely filed.

Plaintiff replies that the addition of Maricopa County is simply an attempt to reassert the claims dismissed on screening, based on the now apparent reality that medical services in the county jails are indeed the responsibility of the Board of Supervisors, and not the Sheriff. Plaintiff replies that he did sue Maricopa County through its Board of Supervisors, and but for the error of the Court in dismissing the Board of Supervisors in the screening order, and the misnomer between the Board and the County, Defendants were aware of the suit, and thus his amendment relates back to his original filing. Plaintiff further argues that any statute of limitations would be tolled because of his imprisonment, citing Ariz. Rev. Stat. § 12-502. Finally, Plaintiff argues that Defendants do not object to the other newly named defendants, and thus he should be permitted to add and serve them.

Under Rule 15, Federal Rules of Civil Procedure, motions to amend are generally considered favorably as permitting an adjudication of a claim on its merits, and leave to amend should be "freely given when justice so requires."

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

**Futility - Untimeliness** - Defendants assert that Plaintiff's amendment would be futile because he is not entitled to relation back of the amendment and the new claims would be untimely. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995). Thus, the Court must consider whether Plaintiff's amendments would clearly be barred as untimely.

- 4 -

1   The Ninth Circuit has long held that for claims arising in Arizona, the relevant statute
2   of limitations is A.R.S. § 12-542(1), which provides a limitation of two years. *De Luna v.*
3   *Farris*, 841 F.2d 312, 313 (9th Cir. 1988). The precedent of the Ninth Circuit Court of Appeals
4   provides that the statute of limitations in a section 1983 action begins to run when the plaintiff
5   knows, or has reason to know, that he has been injured. *See Kimes v. Stone,* 84 F.3d 1121, 1128
6   (9th Cir. 1996).  Plaintiff's cause of action arises out of events occurring between December
7   2002 and July 1, 2003  (Third Amended Complaint at 4.)

8   Contrary to Plaintiff's assertions, he is not entitled to tolling of the statute of limitations
9   because of his imprisonment. The statute he relies on, Ariz. Rev. Stat. § 12-502, was amended
10  in 1996 to delete the provision for such tolling. *See* Arizona Session Laws, 1996, Ch. 175.

11  However, Plaintiff may be entitled to tolling while he was exhausting his administrative
12  remedies. Arizona statutes do not explicitly provide that the statute of limitations in a civil
13  rights suit is tolled while a plaintiff is exhausting his administrative remedies. *See* Ariz. Rev.
14  Stat. §§ 12-501 & 12-502. On the other hand, the opinions of the Arizona courts indicate that
15  the statute of limitations regarding a civil complaint may be tolled during a plaintiff's
16  exhaustion of administrative remedies. *Compare Arizona Dep't of Revenue v. Doherty*, 200
17  Ariz. 515, 522, 29 P.3d 862, 869 (2001), and *Third & Catalina Assoc. v. City of Phoenix*, 182
18  Ariz. 203, 207, 895 P.2d 115, 119 (Ct. App. 1994) ("we agree with the appellant that it properly
19  exhausted its administrative remedies in full compliance with the law and public policy. The
20  statute of limitations was tolled during this process."), *with Stulce v. Salt River Project Agric.*
21  *Dist.*, 197 Ariz. 87, 90-92, 3 P.3d 1007, 1010-12 (Ct. App. 2000) (holding that the statute of
22  limitations is not tolled by the plaintiff's compliance with Arizona's notice of claim statute).

23  Further, three United States Circuit Courts of Appeals have concluded that the statute of
24  limitations on a prisoner's section 1983 claim could be equitably tolled, pursuant to federal law,
25  while the prisoner is exhausting his administrative remedies because the plaintiff would
26  otherwise be prohibited from vindicating his federal rights. *See Dixon v. Page*, 291 F.3d 485,
27  490 (7th Cir. 2002); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *Lake v. Arnold*, 232
28  F.3d 360, 370 (3d Cir. 2000); *Heck v. Humphrey*, 997 F.2d 355, 358 (7th Cir. 1993). *Cf.*

1  *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (affirming dismissal of complaint without
2  prejudice because plaintiff did not offer any reason why the statute of limitations might be
3  tolled); *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998) (declining
4  to reach the issue).

5  Moreover, Federal Rule of Civil Procedure 15(c)(3) provides that an amendment of
6  parties relates back to the filing of the original pleading where the claim arises out of the same
7  occurrence, and there was adequate notice of the original complaint within the time for service
8  of the original pleading.

9  Here, the same core facts are alleged in the Third Amended Complaint, as in the Second
10 Amended Complaint, meeting the requirements of Rule 15(c)(2), as required by Rule 15(c)(3).
11 And, at least with respect to proposed defendant Maricopa County, there can be little doubt that
12 adequate notice has been provided to avoid prejudice. The Maricopa County Attorney has been
13 involved in this action since service of the Second Amended Complaint, which named the
14 county's Board of Supervisors, and has in fact argued for the last nine months that the county
15 is the proper party.

16 As to the individual defendants, however, Plaintiff offers no reason to believe that these
17 defendants had any notice of this suit. Consequently, relation back of the Amendment for the
18 individual parties may not be available, and these claims may be barred if tolling for exhaustion
19 is unavailable.

20 Nonetheless, the Court cannot say, based upon the face of the complaint and the facts
21 available in this context, that amendment of the complaint is time barred. Therefore, the Court
22 cannot conclude that the amendment is futile.

23 **Prejudice from Delay** - Defendants also argue that they have been prejudiced by
24 Plaintiff's undue delay in pursuing his amendment. In *Jackson v. Bank of Hawaii*, 902 F.2d
25 1385 (9th Cir. 1990), the Ninth Circuit upheld a denial of leave to amend, noting that the
26 plaintiffs had delayed filing the amended complaint for eight months beyond the time they
27 should have known of the existence of the claims. However, "[d]elay alone does not provide
28 sufficient grounds for denying leave to amend: 'Where there is lack of prejudice to the opposing

party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.'" *Hurn v. Ret. Fund Trust of Plumbing, Heating and Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981).

To establish prejudice, Defendants assert that they have defended this suit based upon the fact that Maricopa County had not been sued. Indeed, Defendants have filed a motion to dismiss and motion for partial summary judgment arguing that the County was the proper party for Plaintiff's claims against Correctional Health Services. However, the defense of the remaining defendants is not based upon such an assertion. Defendants fail to explain additional discovery that would be required to defend the County, or why it would now be rendered unproductive. In fact, it is doubtful that Defendants would need any further significant discovery, given the unlikelihood that Plaintiff possesses any documents or information relevant to the claim.

Nor is there any indiction that Plaintiff has acted in bad faith. Plaintiff has persistently tried to pursue a claim against the County. Defendants have admitted that "the Arizona statutory scheme [as to which party is responsible for inmate health care] is not a model of clarity," and even encouraged the addition of the County to the suit, responding to the Motion for Reconsideration that the County and/or the Board "should be reinstated, and defendants would waive any objection to this amendment." (#67 at 2.)

Accordingly, the Court will grant the Motion to Amend, deny the Motion for Reconsideration as moot, deny the Motion for Ruling on the Motion for Reconsideration as moot, and screen the Third Amended Complaint.

## SCREENING OF THIRD AMENDED COMPLAINT

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen Plaintiff's Third Amended Complaint for claims that are legally frivolous or malicious, or fail to state a claim, or that seek monetary relief from a defendant who is immune from such relief. In screening complaints, however, the Court is obliged to liberally construe the Plaintiff's complaint:

> The handwritten pro se document is to be liberally construed . . . [A] pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by

> lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

As with Plaintiff's Second Amended Complaint, Plaintiff's claims liberally construed all state cognizable claims. The propriety of suit against the County and the Board of Supervisors, and their purported creation of an official county policy or custom resulting in Plaintiff's alleged injuries, are at least sufficiently developed to state a cognizable claim. Plaintiff's Third Amended Complaint continues to state cognizable claims of deliberate indifference as to the remaining defendants, and state law tort claims as to the medical professional defendants. There are no longer any unknown or fictitiously named defendants.

As discussed above, supra at 4-6, Plaintiff's claims against some of the newly added defendants may be barred by the statute of limitations. However, such a matter is not appropriate for decision on screening. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (dismissal on statute of limitations grounds disfavored where matters outside the complaint may not be considered and where equitable tolling may apply).

## **PENDING DISPOSITIVE MOTIONS**

In the meantime, the parties have a variety of dispositive motions pending which attack a complaint that is no longer in existence. Rather than attempt to discern how the parties would want the Court to construe their briefs in light of these changes, the Court will deny these motions without prejudice to their refiling within an appropriate deadline to be determined by the Magistrate Judge.

///
///
///
///
///

1    Likewise, Defendant's Motion to Stay Discovery Pending Ruling on Motion for
2 Summary Judgment, filed July 1, 2005 (#106), and Plaintiff's Motion for Extension of Time to
3 Respond to Defendants' Motion for Summary Judgment, filed July 8, 2005 (#107), are rendered
4 moot along with the dispositive motions they address, and will be denied.

5    **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration,
6 filed July 30, 2004 (#31) is **DENIED** as moot.

7    **IT IS FURTHER ORDERED** withdrawing the reference of this case only as to
8 Plaintiff's Motion for Ruling on Motion for Reconsideration, filed July 11, 2005 (#108).

9    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Ruling on Motion for
10 Reconsideration, filed July 11, 2005 (#108) is **DENIED** as moot.

11    **IT IS FURTHER ORDERED** withdrawing the reference of this case only as to
12 Plaintiff's Motion for Extension of Time to Reply to Defendants' Response to Motion for Leave
13 to Amend, filed September 9, 2005 (#121) .

14    **IT IS FURTHER ORDERED** that  Plaintiff's Motion for Extension of Time to
15 Reply to Defendants' Response to Motion for Leave to Amend, filed September 9, 2005 (#121)
16 is **GRANTED**.

17    **IT IS FURTHER ORDERED** withdrawing the reference of this case only as to
18 Plaintiff's Motion to Amend, filed August 15, 2005 (#114).

19    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend,  filed August
20 15, 2005 (#114) is **GRANTED**.

21    **IT IS FURTHER ORDERED** that Plaintiff's Third Amended Complaint, lodged
22 on August 15, 2005 shall be filed by the Clerk of Court.

23    **IT IS FURTHER ORDERED** that Defendants Arpaio, Allyn, Haggard, Salidvar,
24 Uphold, Correctional Health Services, Brooks, Chaffee, Gallardo, Gan, Malta, Pinnkey, Scalzo,
25 Steinhauser, and Thompson, having already appeared herein and having been served with the
26 lodged complaint, shall file their answer to Plaintiff's Third Amended Complaint within twenty
27 (20) days of the filing of this Order.

28

**IT IS FURTHER ORDERED** that service on Defendants Maricopa County, David Smith, Sandi Wilson, Dr. Jonathan Weisbuck, M.D., David Hendershott, Jerry Sheridan, Max Wilson, Don Stapley, Trisa Campbell, Diane Butler, R.N., and Lechtie Fream, R.N., Fulton Brock, Andy Kunnsek, and Mary Rose Wilcox shall proceed as follows:

(1) The Clerk of the Court shall send Plaintiff a service packet including both summons and request for waiver forms for said Defendant(s).

(2) Plaintiff shall complete and return the service packet to the Clerk of the Court within 20 days of the date of the filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) The United States Marshal shall retain the Summons, a copy of the Third Amended Complaint, and a copy of this Order for future use.

(4) The United States Marshal shall notify said Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to said Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that are returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by any such Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, Third Amended Complaint and this Order upon such Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure.

(b) Within ten days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Third Amended Complaint, or this Order and for preparing

|   |   |
|---|---|
| 1 | new process receipt and return forms (USM-285), if required.  Costs of |
| 2 | service will be taxed against the personally served Defendant pursuant to |
| 3 | Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless |
| 4 | otherwise ordered by the Court. |

5  (5) **Defendants who agree to waive service of the Summons and Third
6  Amended Complaint shall return signed waiver forms to the United State Marshal, and
7  not to Plaintiff.**

8  (6) Said Defendant(s) shall answer the Third Amended Complaint or
9  otherwise respond by appropriate motion within the time provided by the applicable provisions
10 of Rule 12(a) of the Federal Rules of Civil Procedure.

11  (7) Any answer or responsive pleading shall state the specific Defendant(s)
12 by name on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or
13 other motion or paper that does not identify the specific Defendant(s) by name on whose behalf
14 it is filed.

15  **IT IS FURTHER ORDERED** that Defendant Correctional Health Services'
16 Motion to Dismiss, filed January 19, 2005 (#58) is **DENIED WITHOUT PREJUDICE** as
17 moot.

18  **IT IS FURTHER ORDERED** that Defendant Correctional Health Services'
19 Motion for Partial Summary Judgment, Filed January 31, 2005 (#60) is **DENIED WITHOUT**
20 **PREJUDICE** as moot.

21  **IT IS FURTHER ORDERED** withdrawing the reference of this case only as to
22 Defendants' Motion for Summary Judgment, filed June 30, 2005 (#102).

23  **IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment,
24 filed June 30, 2005 (#102) is **DENIED WITHOUT PREJUDICE** as moot.

25  **IT IS FURTHER ORDERED** withdrawing the reference of this case only as to
26 Defendants' Motion to Stay Discovery Pending Ruling on Motion for Summary Judgment, filed
27 July 1, 2005 (#106).

28

1         **IT IS FURTHER ORDERED** that Defendants' Motion to Stay Discovery Pending Ruling on Motion for Summary Judgment, filed July 1, 2005 (#106) is **DENIED WITHOUT PREJUDICE** as moot.

        **IT IS FURTHER ORDERED** withdrawing the reference of this case only as to, Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment, filed July 8, 2005 (#107).

        **IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment, filed July 8, 2005 (#107) is **DENIED WITHOUT PREJUDICE** as moot.

DATED this 29th day of September, 2005.

_____
Stephen M. McNamee
Chief United States District Judge