WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allan S. MacDonald,          )<br>                              )<br>             Plaintiff,   )<br>                              )<br>       v.                    )<br>                              )<br>Joseph M. Arpaio, et al.,    )<br>                              )<br>             Defendants.  )  | CIV 03-374 PHX SMM (VAM)<br>CIV 03-1584 PHX SMM (VAM)<br>(CONSOLIDATED)<br><br>O R D E R |

These two cases were consolidated because the same defendants and same issues were raised in CIV 03-374 as in CIV 03-1584. The discovery deadline has run in CIV 03-374 and the Court does not anticipate the need for any additional discovery on the issues on that case that are also raised in CIV 03-1584. The Third Amended Complaint was filed on September 30, 2005. Before service, defendants filed a Motion for Summary Judgment. (Doc. 128). By filing the Motion for Summary Judgment, defendants consented to the jurisdiction of the Court and no service is necessary. Plaintiff has not responded to the Motion for Summary Judgment and a response must be filed or plaintiff will risk entry of judgment for defendants.

### NOTICE--WARNING TO PLAINTIFF

*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT*[1]

The defendants' Motion for Summary Judgment seeks to have your case dismissed. A motion for summary judgment under Rule 56

---

[1] Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998).

of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

LRCiv 56.1 of the Rules of Practice of the United States District Court for the District of Arizona also requires, in addition, that you include as a part of your opposition to a Motion for Summary Judgment a separate statement of facts in opposition to the Motion for Summary Judgment.

> (a)  Any party filing a motion for summary judgment shall set forth separately from the memorandum of law, and in full, the specific facts on which that party relies in support of the motion.  The specific facts shall be set forth in serial fashion and not in

```
 1            narrative form.  As to each fact, the statement shall
              refer to a specific portion of the record where the fact
 2            may be found (i.e., affidavit, deposition, etc.).  Any
              party opposing a motion for summary judgment must comply
 3            with the foregoing in setting forth the specific facts,
              which the opposing party asserts, including those facts
 4            which establish a genuine issue of material fact
              precluding summary judgment in favor of the moving
 5            party.  In the alternative, the movant and the party
              opposing the motion shall jointly file a stipulation
 6            signed by the parties setting forth a statement of the
              stipulated facts if the parties agree there is no
 7            genuine issue of any material fact.  As to any
              stipulated facts, the parties so stipulating may state
 8            that their stipulations are entered into only for the
              purposes of the motion for summary judgment and are not
 9            intended to be otherwise binding.

10            Additional provisions of LRCiv 7.2, Rules of Practice of the

11     United States District Court for the District of Arizona are as

12     follows:

13            Subparagraph (e) of that Rule provides:

14            Unless otherwise permitted by the Court, a motion
              including its supporting memorandum, and the response
15            including its supporting memorandum, each shall not
              exceed seventeen (17) pages, exclusive of attachments
16            and any required statement of facts.  Unless otherwise
              permitted by the Court, a reply including its supporting
17            memorandum shall not exceed eleven (11) pages, exclusive
              of attachments.
18
              Subparagraph (i) of LRCiv 7.2 provides:
19
              If a motion does not conform in all substantial respects
20            with the requirements of this Local Rule, or if the
              opposing party does not serve and file the required
21            answering memoranda, or if counsel for any party fails
              to appear at the time and place assigned for oral
22            argument, such non-compliance may be deemed a consent to
              the denial or granting of the motion and the Court may
23            dispose of the motion summarily.
```

24       **It is plaintiff's obligation to timely respond to all**

25   **motions.  The failure of plaintiff to respond to defendants'**

26   **Motion for Summary Judgment may in the discretion of the Court be**

27   **deemed a consent to the granting of that Motion without further**

28                                     3

**notice, and judgment may be entered dismissing the complaint and action with prejudice pursuant to LRCiv 7.2(i).  See Brydges v. Lewis, 18 F.3d 651 (9th Cir. 1994) (per curiam).**

On December 5, 2005, plaintiff filed a Motion Requesting Clarification.  (Doc. 139).  In this Motion, plaintiff asks the Court to act as his counsel and answer his legal questions.  The Court will not and cannot act as counsel for plaintiff and will not answer plaintiff's legal questions.  The Motion Requesting Clarification will be denied.

On December 27, 2005, plaintiff once again filed a Motion Requesting Clarification (Doc. 149) asking the Court the same questions he previously set forth in Document 139.  This Motion will also be denied.

On December 5, 2005, plaintiff filed a Motion for Ruling on his Motion for Appointment of Counsel.  (Doc. 141).  The day after plaintiff filed the Motion, the Court's ruling was entered.  Therefore, this Motion for Ruling is moot as the Court ruled in Document 137.  For plaintiff's information, his request for appointed counsel was once again denied without prejudice.

On December 27, 2005, plaintiff filed a Motion for Extension of Time asking for 60 days to respond to defendants' Motion for Summary Judgment.  (Doc. 147).  Those 60 days have passed and plaintiff has still not responded to defendants' Motion for Summary Judgment.  Plaintiff raises issues about discovery that he wishes to obtain.  Plaintiff's attention is directed to Rule 56(f), F.R.Civ.P.  The Motion for Extension of Time will be granted and plaintiff shall have until April 14, 2006 to respond

4

to the Motion for Summary Judgment.  Plaintiff is cautioned that this will be the last continuance.  The Motion for Summary Judgment has been pending for 5 months and plaintiff has filed nothing.

On January 3, 2006, plaintiff filed a Motion to Stay the Motion for Summary Judgment.  (Doc. 150).  Plaintiff says he needs discovery.  Plaintiff is informed he may begin his discovery and should begin his discovery because the Court is going to close discovery on all issues in the consolidated cases as of May 31, 2006.  These cases have been pending for years, the issues in both cases are the same in most regards and plaintiff is not pursuing discovery and responding to motions diligently.  Therefore, all discovery must be completed by May 31, 2006.  This final discovery deadline is a year after the discovery deadline previously set in Document 56.  All discovery disputes must be brought to the Court's attention no later than June 30, 2006.  All dispositive motions must be filed by July 31, 2006.  These deadlines are final and will not be extended.  The Motion to Stay the Motion for Summary Judgment will be denied.  Plaintiff's response is due April 14, 2006.

On February 27, 2006, plaintiff filed a Motion for Extension of Time to serve defendants.  (Doc. 168).  This Motion is moot and is denied.

On February 27, 2006, plaintiff filed a Motion for Discovery and Scheduling Order.  This Motion is moot and will be denied. The schedule is set forth in the above paragraphs.

**IT IS THEREFORE ORDERED** denying plaintiff's Motions

Requesting Clarification (Docs. 139 and 149).

**IT IS FURTHER ORDERED** denying as moot plaintiff's Motion for Ruling on his motion to appoint counsel.  (Doc. 141).

**IT IS FURTHER ORDERED** granting plaintiff's Motion for Extension of Time to respond to defendants' Motion for Summary Judgment.  (Doc. 147).  Plaintiff shall file a response to defendants' Motion for Summary Judgment no later than April 14, 2006.

**IT IS FURTHER ORDERED** denying plaintiff's Motion to Stay regarding the Motion for Summary Judgment.  (Doc. 150).

**IT IS FURTHER ORDERED** denying as moot plaintiff's Motion for Extension of time to serve defendants.  (Doc. 168).

**IT IS FURTHER ORDERED** denying as moot plaintiff's Motion for Discovery and Scheduling Order.  (Doc. 169).  The discovery deadlines are set forth above as follows:  All discovery shall be completed by May 31, 2006; discovery disputes must be brought to the Court's attention by June 30, 2006; all motions for summary judgment or other dispositive motions must be filed by July 31, 2006.  There will be no further extensions.

DATED this 13th day of March, 2006.

_____
Virginia A. Mathis
United States Magistrate Judge