**WO**                                                                                    BL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allan S. MacDonald, | No. CV 03-0374-PHX-SMM (VAM) |
| Plaintiff, | No. CV 03-1584-PHX-SMM (VAM) |
| vs. | **ORDER** |
| Maricopa County, et al., | |
| Defendants. | |

Plaintiff Allan S. MacDonald seeks reconsideration of this Court's order granting in part Defendants' Motion for Summary Judgment (Doc. #240) and to strike Defendants' response to his motion (Doc. #244). The Court will deny Plaintiff's motions.

**I. Motion to Strike**

Plaintiff filed a Motion to Strike Defendants' response to his Motion for Reconsideration, arguing that the rules do not provide for a response to his motion (Doc. #244). Plaintiff also seeks sanctions (Id.). Plaintiff's request will be denied. The Court will consider the response to the extent it is appropriate under the federal rules.

**II. Motion for Reconsideration**

Plaintiff argued that (1) his state tort claim against Defendant Nurses Donald J. Chaffee, Christine Malta, Pamela Brooks, Pinkey Smith are not claims of malpractice but of negligence and gross negligence, (2) by not allowing him to file an amended response to Defendants' Motion for Summary Judgment, he was prevented from properly defending against summary judgment, (3) Defendants Maricopa County Board of Supervisors and

individual Board members were improperly screened out due to the Court's belief that the sheriff was responsible for health care, and (4) the Court improperly dismissed Plaintiff's state tort claims, finding that medical malpractice did not violate his constitutional rights (Id.).

Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff has not alleged that there has been an intervening change in law, merely that this Court erred in its decision and he was prevented from presenting evidence.

First, Plaintiff argues that his claim against Defendants Chaffee, Malta, Brooks, and Smith requires only that he show they were negligent, not that negligence was the proximate cause of his injury (Doc. #240). However, as in all negligence actions, Plaintiff must establish that Defendants' negligence was the proximate cause of the injury he suffered. See Hamblin v. Arizona, 143 P.3d 388, 390 (Ariz. App. 2006) (in order to maintain a negligence action, a tort plaintiff must prove duty, breach of duty, actual cause, proximate cause, and damages). Moreover, as this Court previously found, to demonstrate that Defendants' actions were the proximate cause of his injuries, Plaintiff must present expert testimony, which he failed to do. See Badia v. City of Casa Grande, 988 P.2d 134, 142 (Ariz.App. 1999) ("Sheer speculation is insufficient to establish the necessary element of proximate cause or to defeat summary judgment.").

Second, Plaintiff contends he has additional evidence which this Court prevented him from presenting (Doc. #240) when it denied his request to file an amended response to Defendants' Motion for Summary Judgment. However, Plaintiff has not specified what the evidence would demonstrate, and Plaintiff's action has been pending for more than three years. Plaintiff has had sufficient opportunity to present all evidence in his possession.

Third, Plaintiff argues that the Court improperly screened out Defendants Maricopa County Board of Supervisors and individual Board members, as well as his state law tort

1  claims (Doc. #240).  Initially, any challenge to this Court's screening order is untimely.

2  However, even considering the merits of Plaintiff's arguments, he is not entitled to

3  reconsideration.  As found in the Order granting summary judgment, although Plaintiff

4  demonstrated the existence of a material question of fact was to whether six Defendants

5  deliberately disregarded his medical needs, resulting in a delay in treatment, Plaintiff failed

6  to establish that such Defendants informed anyone of their actions, or acted as the result of

7  a policy, practice or custom.  Accordingly, Plaintiff did not sufficiently allege that Maricopa

8  County Board of Supervisors or individual Board members violated his constitutional rights.

9  See Monell v. New York City Dept. of Social Serv., 436 U.S. 658, 691 n. 55 (1978),

10  (providing that "[m]unicipalities cannot be held liable under a traditional *respondeat superior*

11  theory); Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001) (providing

12  that for a person to liable in his official capacity, Plaintiff must allege that he acted as a result

13  of a policy, practice, or custom).  In addition, Plaintiff's allegations of negligence cannot

14  proceed as part of a claim that, in violation of his Eighth Amendment right, Defendants were

15  deliberately indifferent to his medical needs.

16       In sum, Plaintiff has not presented newly discovered evidence, demonstrated that this

17  Court committed clear error or the initial decision was manifestly unjust, or established the

18  existence of an intervening change in controlling law which would bring this Court's order

19  into question.  See  School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d

20  1255, 1263 (9th Cir. 1993).  Plaintiff's Motion for Reconsideration will be denied.

21       **IT IS ORDERED:**

22       (1)  The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion to

23  Strike (Doc. #244).  All other matters in this action will remain with the Magistrate Judge for

24  disposition as appropriate.

25  / / /

26  / / /

27  / / /

28  / / /

(2) Plaintiff's Motion for Reconsideration (Doc. #240) and Motion to Strike (Doc. #244) are **denied.**

DATED this 21st day of November, 2006.

Stephen M. McNamee
United States District Judge